**FILED**

2005 APR 26 P 4:06

U.S. DISTRICT COURT
BRIDGEPORT, CONN

Andrew Owens                                  CV. No. 3.01 CV 1480
1153 East St South                                    (S.R.U.)
Suffield CT,
06080

April 19/05

RE: Recieved transcript from <ins>STATE</ins> habeus!

Sir,

I am writing in regards to my last letter informing you of the status of my habeus filed in state court in conjunction with this courts order dated Sept 5, 2003. As you will see "Judge Stanley Fuger" state that your ruling was erroneous and refuse to proceed to a habeus evidentiary hearing.

(See enclosed.)

cc: personal file

| | | |
|---|---|---|
| CV03-0004187 | : | SUPERIOR COURT |
| ANDREW OWENS, #124712 | : | JUDICIAL DISTRICT OF TOLLAND |
| VS. | : | AT ROCKVILLE, CONNECTICUT |
| WARDEN, STATE PRISON | : | APRIL 11, 2005 |

Mr. Owens:

    Please find enclosed a copy of your trial transcript of March 11, 2005.

                                                               Sincerely,

                                                               Anthony Costanza
                                                               Temp. Asst. Clerk

\* redicud by defendant on 4/19/05

| | | |
|---|---|---|
| CV03-0004187 | : | SUPERIOR COURT |
| ANDREW OWENS | : | JUDICIAL DISTRICT OF TOLLAND |
| VS. | : | AT ROCKVILLE, CONNECTICUT |
| WARDEN, STATE PRISON | : | MARCH 11, 2005 |

B E F O R E :

      THE HONORABLE STANLEY FUGER
      SUPERIOR COURT JUDGE

A P P E A R A N C E S :

      <u>For the Petitioner</u>:

      SABASTIAN DESANTIS, ESQ.

      <u>For the Respondent:</u>

      CORINNE KLAPP, ESQ.

                         Shirley Gordon
                               Court Monitor

```
                                                                    1
 1                         -------

 2            THE COURT:  All right, we have two matters.  Mr.

 3   Owens, we have Attorney DeSantis here on Mr. Owens

 4   representing him.  Who's here for the  --

 5            MS. KLAPP:  Attorney Klapp with the State's

 6   Attorney's Office.

 7            THE COURT:  All right.  Are both parties ready

 8   to proceed on that matter?

 9            MR. DESANTIS:  Yes, Your Honor, although I don't

10   know if you know or not, but I had filed a motion to

11   withdraw.

12            THE COURT:  Withdraw the action?

13            MR. DESANTIS:  Excuse me?

14            THE COURT:  Withdraw --

15            MR. DESANTIS:  Withdraw as counsel.

16            THE COURT:  Did you see the hopeful look on my

17   face when it came up, Mr. DeSantis?

18            MR. DESANTIS:  I did.  I'm sorry.

19            THE COURT:  You saw that look of anticipation.

20            MR. DESANTIS:  Sorry to erase that, Your Honor.

21            THE COURT:  Yes, well, I guess I didn't see it

22   since it was dated March 10$^{th}$.

23            MR. DESANTIS:  Yes.

24            THE COURT:  Can we bring Mr. Owens out?

25            (The petitioner enters the courtroom)

26            THE COURT:  Good morning, Mr. Owens.

27            This was supposed to be a trial in your case,
```

1  but your counsel has moved to withdraw.

2  Mr. DeSantis, do you wish to be heard?

3  MR. DESANTIS: I do, Your Honor. I talked to
4  Mr. Owens, I think it was two days ago, we had some
5  discussions about his case, about what was going to
6  happen today. And essentially at that point, we, I
7  guess, reached an impasse, so to speak, where he's
8  not happy with the direction I'm going in, and I'm
9  not really willing to change the direction. He wants
10 me to amend his petition again and I just can't see
11 the additions he wants to make.

12 We've also had some disputes in the past about
13 -- about where I'm going with this case. And --
14 and I guess we had a pretty good argument a couple of
15 days ago, and from that discussion it seems like it's
16 going to be -- I would think it would be difficult
17 for me to represent him because we are just not
18 getting along, we're not seeing eye to eye. And I
19 think Mr. -- Mr. Owens is in agreement with that,
20 as well, after our discussion. I said I would file a
21 motion to withdraw and he was very happy with that,
22 and I believe he may benefit from another attorney
23 representing him, maybe another lawyer that can start
24 over again and be able to work out better.

25 So I would ask the Court to have me removed, and
26 I believe Mr. Owens is in agreement, but he can, I
27 guess, answer that question. Thank you.

```
 1            THE COURT:  Mr. Owens, do you wish to be
 2    heard?
 3            THE PETITIONER:  Yes.  In conjunction with what
 4    Attorney DeSantis said, the breakdown in me and his
 5    relationship comes from   --  stems from Mr.
 6    DeSantis' lack of concern in asking the public
 7    defender's office for funding for investigation, to
 8    find witnesses in regards to the petition that the
 9    federal court sent back to this court.  Minus an
10    investigation  --
11            THE COURT:  Well, correct me if I'm wrong, Mr.
12    DeSantis, the federal court has not remanded
13    anything.
14            MR. DESANTIS:  That's correct.  They dismissed
15    his case because he didn't fully exhaust his claims,
16    state claims.
17            THE RESPONDENT:  They didn't dismiss my case,
18    they sent me back here for further proceedings.  They
19    told me to exhaust it on the state level first and
20    then to bring the issue back.  They put my initial
21    petition, I think, a stay of execution.  I have a
22    copy of it.
23            Well, let me put it to you this way, Mr. Owens,
24    if I allow your counsel to withdraw, this does not
25    put you back to square one.  You're not going to
26    necessarily be able to amend this petition.  There
27    has been a petition filed.  There's been an amended
```

1    petition, there's been a return, and there's a
2    pending motion to dismiss. If I allow Mr. DeSantis
3    to withdraw, I'm going to order the public defender's
4    office to appoint a new counsel to represent you.
5        I will schedule this matter approximately thirty
6    days out, at which point I will address the issue of
7    motion to dismiss, which, at first blush, just
8    looking quickly at the petition and the motion to
9    dismiss, I'm not too sure why I shouldn't grant it.
10        MR. DESANTIS: I think you actually granted that
11    motion to dismiss in part, Your Honor, when we were
12    here before.
13        MS. KLAPP: You granted it as to Count One,
14    Judge, the last time I believe we were before the
15    Court.
16        THE COURT: I did grant it as to Count One
17    because -- all right. So now the only issue, then,
18    is the appellate counsel.
19        MR. DESANTIS: That's correct, Judge.
20        THE COURT: Okay. Yeah, okay, I remember now.
21    I guess I'm still puzzled why Judge Underhill did
22    what he did. So far as I can see, Mr. Owens has
23    exhausted state remedies in conjunction -- in fact,
24    didn't I make that express comment on the record?
25        MR. DESANTIS: Yes. And I believe, judge,
26    Underhill was incorrect, as well, which I tried to
27    relay to Mr. Owens, is that Judge Underhill was in

5

1      error when he dismissed his federal habeas.

2              THE COURT: Of course, I can't reverse Judge

3      Underhill.

4              MR. DESANTIS: Yes.

5              THE COURT: But I can make it clear -- and did

6      anybody go back to the federal court and take a

7      transcript of that last hearing?

8              MR. DESANTIS: No that I know of. He's pro se

9      in federal court, he's not allowed appointed counsel.

10             THE COURT: Okay.

11             MR. DESANTIS: I'm not involved in that case.

12     So I don't know if he's ordered a transcript or not.

13             And I'll add, what we -- it's just doing is

14     withdraws his claims without prejudice, try to go

15     back to federal court and see if that would be

16     successful. But Mr. Owens did not want to take that

17     route. So that's one of the reasons we're back here

18     today.

19             THE COURT: Okay, Mr. Owens, you've had your

20     bite of the apple in habeas already in conjunction

21     with ineffective assistance of counsel.

22             THE PETITIONER: Right.

23             THE COURT: You raised the petition, you lost,

24     you lost the appeal. It's over, it's done with in

25     state court.

26             I will be honest with you, I don't understand

27     why Judge Underhill sent it back, saying that you

```
 1        hadn't exhausted your administrative remedies

 2        here in state court.  But you're representing

 3        yourself --

 4             THE PETITIONER:  Well, if you don't understand

 5        it, and you're a judge, I don't understand it.  I'm

 6        not a lawyer.

 7             THE COURT:  Mr. Owens, I'm sorry.  I may be

 8        wearing the black robe, but there are many many

 9        things in this world I don't understand.

10             THE PETITIONER:  Right.

11             THE COURT:  You are representing yourself in

12        that federal habeas petition?

13             THE PETITIONER:  I'm pro se, yes.

14             THE COURT:  All right.  Did you order a

15        transcript from the last proceeding in which you were

16        here?

17             THE PETITIONER:  No, I didn't.

18             THE COURT: Okay.  You need to do that.

19             THE PETITIONER:  So how do I --

20             THE COURT:  I'm going to do it right now.

21             THE PETITIONER:  All right.

22             THE COURT:  I'm going to order a transcript for

23        the last proceeding.  Anybody have the date offhand?

24             MS. KLAPP:  January 20th, Judge.  January 20th,

25        '05

26             THE COURT:  Okay, January 20th, 2005.  I'm going

27        to make a finding that Mr. Owens is indigent, and,
```

```
 1      Madam Court Reporter, whoever signs the paperwork
 2   on that, I'll sign it if necessary.
 3           All right.  Take that transcript and go back to
 4   federal court.  You do not have any state remedy left
 5   in connection with your claim of ineffective
 6   assistance of counsel.  Understand?
 7           THE PETITIONER:  Understood.
 8           THE COURT:  And I hope Judge Underhill
 9   understands.  It's res judicata, you are done in
10   state court.  Okay?
11           THE PETITIONER:  Well, they stayed one of the
12   issues, the conflict of interest, which was borne out
13   of ineffective assistance in federal court.
14           THE COURT:  Yes, but that's a different  --
15   that's between you and the federal court.
16           THE PETITIONER:  Oh, all right.
17           THE COURT:  But as far as ineffective assistance
18   of counsel, you had your day in court here in the
19   state.  It's over, it's done with.  I don't know how
20   to make it any more clearer.
21           There is, however  --  you have raised an
22   allegation of ineffective assistance of appellate
23   counsel. That does not appear to have been
24   adjudicated anywhere.
25           Both counsel would agree?
26           MR. DESANTIS:  Yes, Judge.
27           THE COURT:  So that's a viable claim here in
```

1   state court.

2   You're not raising that in the federal court,
3   are you?

4   THE PETITIONER: Not to my knowledge.

5   MR. DESANTIS: Your Honor, can I clarify that
6   issue a little bit?

7   THE COURT: If you would.

8   MR. DESANTIS: The reason I put in the
9   ineffective assistance of appellate counsel is that
10  Judge Underhill appears to have made two errors in
11  his decision, one that he said that the claim wasn't
12  raised at the habeas hearing; two, that the attorney
13  didn't raise that issue on the appeal.

14  I think Judge Underhill made a mistake on both
15  parts because looking at the Appellate stuff, it does
16  look like his Appellate attorney did put that issue
17  in the appeal.  The appellate decision didn't
18  necessary address that.

19  And I would suggest, if Mr. Owens included in
20  his correspondence to Judge Underhill, the amended
21  petition with the claim in it, as well as his
22  appellate counsel's brief, that would probably
23  clarify the issue.

24  But I felt obligated, since part of what I'm
25  going here is to make sure that his claims are being
26  fully exhausted, to put that ineffective assistance
27  of appellate counsel claim in.  That's the main

1    reason for that claim.

2              I hope I was clear, Your Honor.

3              THE COURT: And your recommendation, at this

4    point, then, -- and, Mr. Owens, you and Mr.

5    DeSantis, if either one of you don't wish to answer

6    this question, if you feel that it interferes with

7    attorney-client communication, please signify

8    immediately. Okay?

9              At this point, Mr. DeSantis, in regard to the

10   federal matter, in which you're not representing Mr.

11   Owens, your considered opinion would be that he might

12   be better off withdrawing this habeas petition and

13   going back to federal court?

14             MR. DESANTIS: I would think so, Your Honor, I

15   would think so. But that's -- that's Mr. Owens'

16   final -- that's his decision to make.

17             THE COURT: Mr. Owens, it seems that what you

18   really want to do is you want to be in federal court.

19             THE PETITIONER: Basically, if you said that

20   I've already exhausted the claim, and the federal

21   judge has made the decision, then I'm fine with that.

22   I just don't want --

23             THE COURT: You are done, you are fini, you are

24   terminato.

25             THE PETITIONER: I don't want to go back to the

26   federal court, and then they send me back here.

27             THE COURT: In Hawaiian we would say you are pau

1    -- p-a-u, Madam Court Reporter.

2         Let me suggest this. I'll let you withdraw your

3    petitioner, which is right now only a petition

4    alleging ineffective assistance by appellate counsel,

5    without prejudice. All right. In other words, your

6    right to re-file that will exist. Okay? Here in

7    state court. So you're not going to lose any rights.

8         You're not going to be able to re-file

9    ineffective assistance of trial counsel because you

10   don't have that right anymore. That's res judicata.

11   That's done, finished. Okay? Because you have

12   raised it, and it's been decided adversely. So

13   you're not going to be withdrawing that, because I've

14   already dismissed it.

15        That will clear this off, finish any state

16   proceeding. Then you can try to get back in federal

17   court.

18        THE PETITIONER: So I -- could you order a

19   transcript from these hearings today?

20        THE COURT: Madam Court Reporter, let's have a

21   transcript for today, as well.

22        All right? That's probably more that I should.

23   I don't know if I'm really authorized to do that, but

24   I'll do it anyway. I don't care.

25        I realize it's difficult to try to represent

26   yourself, particularly in federal court, because it's

27   really an unforgiving environment, even for lawyers.

1    Why don't -- if you don't object, why
2    don't you withdraw your petition, the one count
3    that's remaining. You're not -- and I'll make this
4    crystal clear -- not, n-o-t, withdrawing any claim
5    of ineffective assistance of trial defense counsel
6    because the Court has dismissed that count of
7    ineffective assistance by trial defense counsel, the
8    matter having been previously tried and decided
9    adversely to the petitioner.
10       So the petitioner, in no way, is voluntarily
11   withdrawing that. The Court has dismissed it. In
12   other words, you can't quit, you were fired, to put
13   it in the vernacular. You understand me. Right?
14       THE PETITIONER: Right.
15       THE COURT: I think -- I hope that's pretty
16   clear. I hope everybody understands what I'm saying.
17       THE PETITIONER: Well, I'm getting a copy of --
18       THE COURT: Yeah, I'm ordering -- I'm ordering
19   a transcript for you. That -- that should take
20   care of the concerns that the federal court has. I
21   think, I don't know. I mean --
22       All right. Do you want to go ahead and withdraw
23   this matter?
24       MR. DESANTIS: Could I have a second, Your
25   Honor?
26       So, Your Honor, just so -- Mr. Owens sounds
27   like he wants to withdraw without prejudice, but I

1      just want to be clear here.

2              THE COURT: I'm going to deny your motion to
3      withdraw as counsel. It appears that you two are back
4      on the same sheet of music again.

5              MR. DESANTIS: Okay.

6              THE COURT: Mr. Owens, his advice to you was --
7      I agree with his advice. I think his advice was
8      correct. I quite honestly think Judge Underhill is
9      in error. I, of course, have no authority to reverse
10     Judge Underhill in any way, shape or form, so, you
11     know, don't -- don't take anything I've said as
12     changing what Judge Underhill has done. I think that
13     it's probable, because there's been a little
14     confusion on his part, or his clerk's part, to be
15     realistic -- I'm hoping that this will clear up
16     that confusion.

17             MR. DESANTIS: He wants to withdraw without
18     prejudice, Your Honor, but I guess what he's asking
19     is one more thing -- that just for you to say that
20     the issues have already been addressed, and that's
21     why he should withdraw it.

22             Is that what you want to say?

23             THE PETITIONER: Basically.

24             MR. DESANTIS: I mean I know you said --

25             THE COURT: Well, with the exception of
26     appellate counsel, that's absolutely correct. All
27     right. The issue of appellate counsel has not been

1   adjudicated in state court. So you may not be
2   able to raise that in federal court. You may have to
3   come back here and raise that in state court first.
4   But that doesn't seem to me where the focus of your
5   interest is. Your focus lies in your trial --
6   trial representation.
7       So insofar as your trial defense counsel -- I
8   don't know how to make this any clearer -- no state
9   remedy exists anymore. Okay? No hay caso -- caso,
10  I think. No hay caso, in Spanish. And that, by the
11  way, exceeds the limit of my language, other than I
12  said -- I did say in Hawaiian, your are pau, p-a-u.
13  It's over.
14      There's nothing more that I can say.
15      Anybody else want to throw in a different
16  language that I'm not aware of?
17      MR. DESANTIS: No, Your Honor.
18      THE COURT: Okay. In regard to the ineffective
19  assistance of trial defense counsel. And count two
20  will be withdrawn without prejudice. You may re-file
21  that in the future, if you feel it necessary to do
22  so. Okay?
23      I'm not going to grant the motion to withdraw by
24  Mr. DeSantis, because it does seem that the impasse
25  may have been cleared up, that little bit of --
26      MR. DESANTIS: I think you're correct, Your
27  Honor.

14

1     THE COURT: I can understand -- you know,

2 quite frankly, most of that was probably borne out of

3 frustration, Mr. Owens, and I think I can understand

4 your frustration. It was probably justified. Not so

5 much at Mr. DeSantis, but at the whole situation.

6     All right. The matter is withdrawn. Good luck.

7 I hope it works out for you.

8     Transcripts are to be ordered, forthwith.

9     MR. DESANTIS: Thank you very much, Your Honor.

10     (This hearing was concluded.

11                - + -

1

| | | |
|---|---|---|
| CV03-0004187 | : | SUPERIOR COURT |
| ANDREW OWENS | : | JUDICIAL DISTRICT OF TOLLAND |
| VS. | : | AT ROCKVILLE, CONNECTICUT |
| WARDEN, STATE PRISON | : | MARCH 11, 2005 |

### C E R T I F I C A T I O N

I hereby certify that the foregoing is a true and accurate transcript of the tape of the above mentioned proceeding held before the Honorable Stanley Fuger at the Superior Court, Judicial District of Tolland, at Rockville, Connecticut on March 11, 2005.

Dated this  8th  day of April,  2005, at Rockville, Connecticut.

_____
Shirley Gordon
Court Monitor

| | | |
|---|---|---|
| CV03-0004187 | : | SUPERIOR COURT |
| ANDREW OWENS, #124712 | : | JUDICIAL DISTRICT OF TOLLAND |
| VS. | : | AT ROCKVILLE, CONNECTICUT |
| WARDEN, STATE PRISON | : | APRIL 11, 2005 |

Mr. Owens:

    Please find enclosed a copy of your trial transcript of March 11, 2005.

                                        Sincerely,

                                        Anthony Costanza
                                        Temp. Asst. Clerk