UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

ANDREW OWENS

                                                    PRISONER
    v.                                     Case No. 3:01cv1480 (SRU)

COMMISSIONER OF CORRECTIONS, et al.

**ORDER**

The petitioner, Andrew Owens, is currently confined at the MacDougall Correctional Institution in Suffield, Connecticut. He brings this action pro se for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction on the charge of first degree manslaughter.

In March 1994, in the Connecticut Superior Court for the Judicial District of Waterbury, a jury convicted the petitioner of one count of manslaughter in the first degree. The judge sentenced the petitioner to a total term of imprisonment of twenty years. (See Pet. Writ Habeas Corpus at 1.) On August 22, 1995, the Connecticut Appellate Court affirmed the conviction. See State v. Owens, 38 Conn. App. 802, 663 A.2d 1094 (1995). The petitioner filed a petition for certification to appeal from the decision of the Connecticut Appellate Court. On September 28, 1995, the Connecticut Supreme Court denied certification to appeal from the decision of the Connecticut Appellate Court. See State v. Owens, 235 Conn. 912, 665 A.2d 609 (1995).

On February 9, 1996, the petitioner filed a habeas petition in this court. On October 15, 1996, the court denied the petition without prejudice because it contained unexhausted claims

and informed the petitioner that he could re-file his petition after he had exhausted his state court

remedies.  See Owens v. State of Connecticut, 3:96cv231 (JBA), slip op. at 2-3 (D. Conn. Oct.

15, 1996).[1]  The court entered judgment for the respondent on October 23, 1996.  On January 14,

1997, the petitioner filed a petition for writ of habeas corpus in state court challenging his

conviction on the ground that he was not afforded effective assistance of counsel at trial.  (See

Pet. Writ Habeas Corpus at 3.)   On May 3, 1999, the state habeas court dismissed the petition.

See Owens v. Warden, No. CV 970567684, 1999 WL 335949 (Conn. Super. Ct. May 3, 1999).

On January 9, 2001, the Connecticut Appellate Court affirmed the decision of the habeas court.

See Owens v. Commissioner of Correction, 61 Conn. App. 347, 763 A.2d 1086 (2001).  On

February 28, 2001, the Connecticut Supreme Court denied the petitioner's petition for

certification to appeal the decision of the habeas court.  See Owens v. Commissioner of

Correction, 255 Conn. 944, 769 A.2d 58 (2001).

On June 9, 1999, the petitioner commenced a second petition for writ of habeas corpus in

this court.  On June 20, 2000, the petitioner voluntarily withdrew the petition.  See Owens v.

Armstrong, Case no. 3:99cv1084 (RNC) (D. Conn. June 20, 2000).  On January 23, 2001, the

petitioner commenced a third petition for writ of habeas corpus in this court.  On February 7,

2001, the court dismissed the petition without prejudice for failure to completely exhaust state

court remedies.  See Owens v. Armstrong, Case no. 3:01cv121 (DJS), slip op. (D. Conn. Feb. 7,

2001).  Judgment entered for the respondent on February 15, 2001.  In May 2001, the petitioner

---

[1]  The court takes judicial notice of cases filed in this court and in state court as well as rulings and pleadings filed in those cases.  See Kramer v. Time Warner, Inc., 937 F.2d 767, 774 (2d Cir. 1991) (noting that "courts routinely take judicial notice of documents filed in other courts, again not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings").

attempted to reopen the case on the ground that he had finished exhausting his state court

remedies.  On May 16, 2001, the court denied the petitioner's motion to reopen and directed him

to file a new action.  See Owens v. Armstrong, Case no. 3:01cv121 (DJS) (D. Conn. May 16,

2001) (ruling denying motion to reopen).

On June 20, 2001, the petitioner filed the present federal habeas petition.  In the amended

petition filed on April 17, 2002, the petitioner raises two grounds for relief: (1) trial counsel

failed to investigate or obtain statements from critical witnesses or call them to testify at trial, and

(2) trial counsel failed to withdraw from the case after he found out he had previously

represented the victim in another matter.   On January 27, 2003, the respondents' filed a motion

to dismiss the amended petition.

On September 5, 2003, the court considered the respondents' motion to dismiss and

concluded that the petition for writ of habeas corpus contained both exhausted and unexhausted

claims.  Pursuant to the Second Circuit's recommendation in Zarvela v. Artuz, 254 F.3d 374 (2d

Cir. 2001), the court granted the motion to dismiss with respect to ground one of the petition and

stayed the petition with respect to ground two of the petition.  See Zarvela, 254 F.3d 374 at 380-

83 (advising district courts to stay exhausted claims and dismiss unexhausted claims with

direction to timely complete the exhaustion process and return to federal court "where an outright

dismissal 'could jeopardize the timeliness of a collateral attack.'").

The court directed the petitioner to commence exhausting his state court remedies with

respect to ground one within thirty days of the date of the ruling and to file a notice in this case

documenting his efforts to commence the exhaustion process within forty days from the date of

the ruling.  On October 6, 2003, the petitioner filed a notice indicating that he had commenced a

state habeas petition including ground one.   The petitioner has now filed notices indicating that

he has attempted to exhaust his state court remedies with respect to ground one.  At this point,

the court will vacate the stay of ground two and order the petitioner to file an amended petition

including the grounds he seeks to have the court consider.

Conclusion

The **Stay** of ground two of the petition is **VACATED**.   Within thirty days of the date of

this order, the petitioner shall file an amended petition including the grounds he seeks to have the

court consider.   The amended petition should be accompanied by any evidence of exhaustion of

petitioner's claims, including the transcript from the recent state habeas proceeding.  Failure to

file an amended petition within the time specified will result in dismissal of this action with

prejudice.   The Clerk shall send the petitioner an amended petition form with a copy of this

order.

**SO ORDERED** this 17th day of July 2006, at Bridgeport, Connecticut.


          /s/ Stefan R. Underhill
              Stefan R. Underhill
              United States District Judge