UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

ANDREW OWENS

    v.                                      PRISONER
                                      Case No.  3:01CV1480(SRU)(WIG)

COMMISSIONER OF CORRECTIONS

**RULING AND ORDER**

The petitioner asks the court to hold an evidentiary hearing in this matter. The petitioner must meet strict standards before an evidentiary hearing is permitted.

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
> (A) the claim relies on—
>    (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>    (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

In his motion, the petitioner has not alleged grounds for an evidentiary hearing that meet the strict standard set forth above. Thus, the petitioner fails to meet the standard for an evidentiary hearing. The court determines that an evidentiary

hearing is not required in this action. The Motion for Evidentiary Hearing [**doc. # 37**] is **DENIED**.

The petitioner seeks the appointment of counsel in this habeas corpus action. Appointment of counsel in habeas corpus cases is discretionary, and that discretion should be exercised only when the interests of justice so require, unless an evidentiary hearing is necessary. See Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts; 18 U.S.C. § 3006A(a)(2)(B). A preliminary review of the amended petition for writ of habeas corpus does not indicate that justice requires appointment of counsel or that a hearing is likely to be necessary and, thus, appointment of counsel is not warranted at this time. Petitioner may renew the motion if an evidentiary hearing is held in this matter. The Motion for Appointment of Counsel [**doc. # 38**] is **DENIED** without prejudice to renew the motion if an evidentiary hearing is required.

The petitioner seeks leave to proceed in forma pauperis in this action. Because the petitioner paid the filing fee to commence this action, the Motion for Leave to Proceed In Forma Pauperis [**doc. # 40**] is **DENIED** as moot.

SO ORDERED in Bridgeport, Connecticut, this ___6th___ day of November, 2006.

                              /s/ William I. Garfinkel
                              William I. Garfinkel
                              United States Magistrate Judge