UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANDREW OWENS,<br>*Petitioner* | : | PRISONER<br>CASE NO. 3:01CV1480(SRU) |
| V. | : | |
| COMMISSIONER OF CORRECTION,<br>*Respondent* | : | JANUARY 18, 2007 |

ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS

Pursuant to Rule 5 of the Rules Governing Section 2254 cases in the United States District Courts, the respondent answers the claims raised in the petitioner's Petition for Writ of Habeas Corpus [Doc. # 43].

**PROCEDURAL HISTORY**

1. After a trial to a jury, *Murray, J., presiding,* the petitioner was convicted of manslaughter in the first degree in violation of Connecticut General Statutes § 53a-55(a)(3). On March 24, 1994, the trial court sentenced the petitioner to a term of twenty years incarceration.

2. The petitioner appealed. On August 22, 1995, the Connecticut Appellate Court affirmed the judgment of conviction. *State v. Owens,* 38 Conn. App. 801, 663 A.2d 1094 (1995). The petitioner then sought discretionary review by the Connecticut Supreme Court. That court denied such review on September 28, 1995. *State v. Owens,* 235 Conn. 912, 665 A.2d 609 (1995).

3. On or about January 14, 1997, the petitioner sought relief in the state habeas court. *See Andrew Owens v. Warden,* Docket No. CV97-0567684, Superior Court in the judicial district of Hartford. After a trial on the merits of his claims, the state habeas court denied his petition.

4. The petitioner appealed the decision of the state habeas court. On January 9, 2001, the Connecticut Appellate Court dismissed that appeal. *Owens v. Commissioner of Correction,* 61 Conn. App. 347, 763 A.2d 1086 (2001). The petitioner then sought

discretionary review by the Connecticut Supreme Court. That court denied such review on February 28, 2001. *Owens v. Commissioner of Correction,* 255 Conn. 944, 769 A.2d 58 (2001).

5. On August 7, 2001, the petitioner initiated the instant action by filing an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

6. In September 2003, the Court dismissed the first count of the petition in which the petitioner raised an unexhausted claim that he was denied the effective assistance of counsel because his trial defense counsel did not present the testimony of two potential witnesses. In so doing, the Court directed that the petitioner return to state court and "commence exhausting his state court remedies" with respect to this claim. Ruling [Doc. # 32] at 12. The Court stayed proceedings on the remaining count of the petition.

7. The petitioner then returned to the state habeas court. *See Andrew Owens v. Warden,* Docket No. CV03-4187, Superior Court in the judicial district of Tolland. The state habeas court dismissed the ineffectiveness claim because the petitioner had presented the same ground in a prior petition. On March 11, 2005, the petitioner withdrew his remaining claim and, thereafter, returned to this Court.

8. The respondent admits the allegations contained in paragraphs 1-18 and 20-28 of the petition to the extent that those allegations do not conflict with the procedural history as alleged in paragraphs 1 through 7 of this Answer.

**<u>RESPONSE TO THE CLAIMS RAISED BY THE PETITIONER</u>**

9. The respondent denies the allegations in Paragraph 19 (Ground One) of the petition. In that count, the petitioner claims that his state conviction is unlawful because he was denied the effective assistance of counsel in that his trial defense counsel failed to present the testimony of two potential witnesses. In denying this claim, the respondent

relies on the state court record and the decision of the state habeas court. *See* Appendices C and D.

10. The respondent denies the allegations in Paragraph 19 (Ground Two) of the petition. In that count, the petitioner claims that his state conviction is unlawful because his trial defense counsel labored under a conflict of interest. In denying this claim, the respondent relies on the state court record, the respondent's brief on appeal from the decision of the state habeas court, and the decision of the Connecticut Appellate Court. *See* Appendices C, D, F, and G.

**EXHAUSTION / PROCEDURAL DEFAULT**

11. The petitioner has not exhausted the claim raised in Count One of the petition. He has not presented this claim to the Connecticut Appellate Court or the Connecticut Supreme Court. Appendix E. The petitioner's failure to present this claim to the state's appellate courts renders federal habeas corpus relief unwarranted due to the petitioner's lack of exhaustion. *See* 28 U.S.C. § 2254(b)(1).

12. The petitioner appears to have exhausted the claim raised in Count Two of the petition. To the extent that the petitioner's claim in this federal habeas corpus proceeding differs in any way from the claim as it was pursued in the state courts, the petitioner's failure to present his claim fairly to state courts renders federal habeas corpus relief unwarranted due to the petitioner's lack of exhaustion.

**OTHER PENDING PETITIONS**

13. The respondent is not aware of any other pending challenges to the judgment of conviction under attack in the instant federal habeas corpus proceeding.

**DOCUMENTS FORWARDED TO THE COURT**

14. Copies of the following documents were forwarded to the Court as appendices to the respondent's memorandum of law dated December 4, 2001.

Appendix A Connecticut Appellate Court's decision on direct appeal, *State v. Owens,* 38 Conn. App. 801, 663 A.2d 1094 (1995)

| | |
|---|---|
| Appendix B | Decision of the Connecticut Supreme Court denying the petitioner's petition seeking discretionary review of the Appellate Court's decision; *State v. Owens,* 235 Conn. 912, 665 A.2d 609 (1995) |
| Appendix C | Decision of the state habeas court |
| Appendix D | Record on appeal to the Connecticut Appellate Court from the decision of the state habeas court |
| Appendix E | Petitioner's brief on appeal to the Connecticut Appellate Court from the decision of the state habeas court |
| Appendix F | Respondent's brief on appeal to the Connecticut Appellate Court from the decision of the state habeas court |
| Appendix G | Decision of the Connecticut Appellate Court dismissing the petitioner's appeal from the decision of the state habeas court; *Owens v. Commissioner of Correction,* 61 Conn. App. 347, 763 A.2d 1086 (2001) |
| Appendix H | Connecticut Supreme Court's decision denying the petitioner's petition for certification to appeal; *Owens v. Commissioner of Correction,* 255 Conn. 944, 769 A.2d 58 (2001) |
| Appendix I | Transcripts of the proceedings before the state habeas court on October 15, 1998 and January 7, 1999 |

**TRANSCRIPTS**

15. The proceedings of the petitioner's criminal trial were transcribed and copies of those transcripts will be forwarded to the Court upon request. The proceedings of the petitioner's state habeas trial were transcribed and copies of those transcripts were forwarded as appendices to the respondent's memorandum of law dated December 4, 2001.

**CONCLUSION**

16. The petitioner cannot demonstrate that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Therefore, his petition for writ of habeas corpus must be dismissed.

Respectfully submitted,

RESPONDENT–COMMISSIONER OF CORRECTION

By: /s/

JO ANNE SULIK
Senior Assistant State's Attorney
Civil Litigation Bureau
Office of the Chief State's Attorney
300 Corporate Place
Rocky Hill, Connecticut 06067
(860) 258-5887
(860) 258-5968 (facsimile)
JoAnne.Sulik@po.state.ct.us
Fed. Bar. No. ct 15122

**CERTIFICATION**

I hereby certify that a copy of this answer was mailed to Andrew Owens, Inmate No. 124712, MacDougall Correctional Institution, 1153 East Street South, Suffield, Connecticut 06080, on January 18, 2007.

/s/

JO ANNE SULIK
Senior Assistant State's Attorney