FEB 20 2007

UNITED STATES DISTRICT COURT **FILED**

DISTRICT OF CONNECTICUT 2007 MAR 20 P 4:37

U.S. DISTRICT COURT

Andrew H. Owens
Petitioner;

CASE NO. 3:01CV1480 (SRU)

v.

Commissioner OF corrections
Respondent.

February 14th, 2007.

## ANSWER TO respondents memorandum IN OPPOSITION TO Petitioners writ of Habeas corpus.

Pursuant To rule #5 of the rules governing section 2254. cases; in the UNITED STATES DISTRICT COURTS. THE Petitioner Answers the allegations raised by the "Respondent"; in Opposition to petitioners writ of Habeas corpus.

## Procedural History

1. After a trial to a Jury Murray; J. presiding the petitioner was convicted of manslaughter in the first degree in violation of connecticut General Statue 53 a  55 (a)(3). On March 24, 1994, the trial court sentenced the petitioner to the maximum sentence 20 yrs.

2.

2. The petitioner appealed; on august 22 1995, the connecticut appellant court affirmed the Judgement of conviction.

STATE V. OWENS; 38 conn app. 801, 663 A. 2d 1094 (1995). The petitioner then sought discetionary review by the connecticut Supreme court. That court denied Petitioners such review on September, 28, 1995. STATE V. Owens, 235 conn. 912, 665 A. 2d 609 (1995).

3. On or about January 1997, the petitioner sought relief in the STATE habeous court see. OWENS V. warden, Doc No. CV-97-0567684, Superior court in the Judicial District of Hartford. After a Trial on the merits of his claims; the STATE habeous court denied his petition.

4. The petitioner appealed the decision of the the STATE habeous court, On January 9, 2001 THE connecticut appellant court dismissed that appeal. Owens V. Commissioner of Corretion; 61 conn. App 347 - 763 A. 2d 1086 (2001) The petitioner then sought discretionary review by the connecticut Supreme court.

That court denied review on Feburary 28, (2001) Owens V. comm of corrections 255, conn 944 769 A. 2d 58 (2001).

3.

5. On August 7, 2001 the petitioner initiated the instant action filing a federal writ of habeas corpus; pursuant to 28.U.S.C. 2254.

(Docket # 32)
6. In September (2003) this court issued a order the court concluded that petition had "exhausted" and unexhausted claims, and sent petitioner back to state court for the unexhausted issue, and stayed the exhausted issue.

On october 6, 2003 the petitioner filed notice indicating the he had commenced a state habeas including the issue this court directed him to exhaust.

The claims inquestions were ① his trial attorney M. Fsko failed to call 2 potential witnesses one the landlord of a building where his sister alledgedly lived, as testified to by states witness "Beenard Saunders" and ② trial attorney had previously represented the victim and petitioner had request that he "get off of the case.

The petitioner returned to state habeas court see Owens v. Warden Doc no cv-03-4187 Superior court Judicial District of Holland. The state habeas court dismissed said habeas and made "Mockery" of the petitioner see March 11, 2005 habeas court transcript.

4.

This same court stated at the same habeas proceedings that the federal court had made a "erronous ruling" to send petitioner back to address a issue already addressed on that level. See habeas TRN script pg 4-14 March 11 2005. Judge "Stanley Fuger" made mockery of petitioner petition, criitizised "Judge Stefan R. Underhill" dismissed petitioners claim and refused to proceed on the amended issue added by court apointed attorney "Sebastian Desantis" that was not address in petitioners initial habeas on the issue inquestion by habeas court, and then represented by patrice cohen.

## Response to claims raised by Respondent.

7. The petitioner differs in respondents "twist" of the facts pertaing to effectiveness of trial counsel. Trial and habeas attorney failed to call 2 potential possibly exsculpatory witnesses never made the attempt to question either witnesse to see what effect their testimony would have had on petitioners case; or how the jury would have deemed that testimony.

8. In respondents memorandum of law" dated January 17, 2002. Respondents state that petitioner withdrew a claim and has not

5.

raised said claim in a STATE court; The claim respondents refers to is a claim that petitioner court appointed attorney added to petitioners amended petition. Note in the - March 11, 2005 habeas court transcript petitioner tries to "fire" said attorney for trying to sabotage petitioners case. Petitioner feels this is a deliberate attempt on said attorney's behalf to have his Federal habeas dismissed.

9.

Petitioner has exhausted all issues relevant to the instant petition, before this court, respondent states on page 22 of his memorandum of law in regards to the conflict of interest issue, petitioner brings to this courts, that. This excert of the transcribed records on respondents behalf is very misleading, in that this conversation is between MR. ISKO attorney inquestion and the trial Judge William P. Murray "Nowhere" do the court ask petitioner if he wished to continue the trial with MR. ISKO, intact if the court views pg 8 of respondents memorandum of law 2. The respondents points out that petitioner did not raise the witnesses inquestion at the appellant court and therefore such claim has not been exhausted; note: attorney ISKO prepared the appeal and would not raise a issue against himself.

6.

he had no legal obligation beyond the trial as a court appointed attorney; and as such it illustrates his lapse in representation in not raising claims that would point out flaws in his own representation, view in light of the fact it was his first "Murder" trial and he was aided at his request by attorney "James McKay" who had never tried a case in connecticut, and was using petitioners case as a familiarity of connecticut court system. combined with the fact that

(1.) They attorney Isko, and co counsel McKay never took the time to presue or interview possible exscalpatory witnesses or and after names and address were made available to them by Petitioner.

(2) combined with the conflict of interest issue where trial Judge never canvassed the petitioner inregards to said potential conflict of interest relying solely on Mr. Isko word minus any Judicial inquiry, shows a pattern of disregard for petitioners constitutional right to a fair trial, or effective representation of counsel.

A 6 amendment violation does indeed exist where trial counsel "<u>fails</u>" to investigate or interview any witness brought to his/her attention which may assist the defendant in proving his/her

7.

Innocence; combined with the conflict of interest, and a unorthodox trial attorney whom was court apointed, handling direct appeal where trial attorney "errors" could then be coverd or undisclosed to appellant review, clearly the state habeous court choose to turn a blind eye to the totallity of the entire sequence of events, and as such the appellant, and habeous court application of law was "unreasonable" and as such it predjudice petitioner case because had trial attorney removed himself from a situation that "conflict" his representation, and or brought foth the witneses requested by petitioner or at least interviewed the court or Jury may have verdicated petitioner of the alledged offense!

For the resons so stated this court has the Jurisdiction to right a wrong, make its descion not on personal feelings nor favortism towards those in the Legal community, but uphold what lady Justice was designed to do uphold the constitution nomatter race, economics, or Social Status. The respondents request to dismiss petitioners writ of federal habeous corpus arracking his state conviction under statue (2254) is the right avenue taken by Petitioner and respondents request to dismiss must be denied.

respectfully Submitted

Petitioner - Andrew H. Owens - pro-se

By _Andrew Owens H._.    By Andrew H. Owens.

Andrew H. Owens #124712
1153 East St South,
Suffield ct, 06080

Certification

I hereby certify that a true copy of the
documentation was mailed to JoAnne Sulik and
the united states district court on this 3rd
day of ~~february~~ march 2007.

By Andrew H Owens.

Andrew H. Owens
1153 East St South,
Suffield ct, 06080

cc: Joanne Sulik
300 Corporate Pl.
Rocky Hill ct,
        06067.

cc: United States District Court/clerks office
915 Lafayette Blvd
Bpt ct, 06604.

CV03-0004187

|  |  |  |
|---|---|---|
| | : | SUPERIOR COURT |
| ANDREW OWENS | : | JUDICIAL DISTRICT OF TOLLAND |
| VS. | : | AT ROCKVILLE, CONNECTICUT |
| WARDEN, STATE PRISON | : | MARCH 11, 2005 |

B E F O R E :

> THE HONORABLE STANLEY FUGER
> SUPERIOR COURT JUDGE

A P P E A R A N C E S :

> For the Petitioner:
>
> SABASTIAN DESANTIS, ESQ.
>
> For the Respondent:
>
> CORINNE KLAPP, ESQ.

> Shirley Gordon
> Court Monitor

1                                                                    1

- - - - - - -

2          THE COURT:  All right, we have two matters.  Mr.

3     Owens, we have Attorney DeSantis here on Mr. Owens

4     representing him.  Who's here for the  --

5          MS. KLAPP:  Attorney Klapp with the State's

6     Attorney's Office.

7          THE COURT:  All right.  Are both parties ready

8     to proceed on that matter?

9          MR. DESANTIS:  Yes, Your Honor, although I don't

10    know if you know or not, but I had filed a motion to

11    withdraw.

12          THE COURT:  Withdraw the action?

13          MR. DESANTIS:  Excuse me?

14          THE COURT:  Withdraw  --

15          MR. DESANTIS:  Withdraw as counsel.

16          THE COURT:  Did you see the hopeful look on my

17    face when it came up, Mr. DeSantis?

18          MR. DESANTIS:  I did.  I'm sorry.

19          THE COURT:  You saw that look of anticipation.

20          MR. DESANTIS:  Sorry to erase that, Your Honor.

21          THE COURT:  Yes, well, I guess I didn't see it

22    since it was dated March 10th.

23          MR. DESANTIS:  Yes.

24          THE COURT:  Can we bring Mr. Owens out?

25          (The petitioner enters the courtroom)

26          THE COURT:  Good morning, Mr. Owens.

27    This was supposed to be a trial in your case,

2

1    but your counsel has moved to withdraw.

2        Mr. DeSantis, do you wish to be heard?

3        MR. DESANTIS:  I do, Your Honor.  I talked to

4    Mr. Owens, I think it was two days ago, we had some

5    discussions about his case, about what was going to

6    happen today.  And essentially at that point, we, I

7    guess, reached an impasse, so to speak, where he's

8    not happy with the direction I'm going in, and I'm

9    not really willing to change the direction.  He wants

10   me to amend his petition again and I just can't see

11   the additions he wants to make.

12       We've also had some disputes in the past about

13   --  about where I'm going with this case.  And   --

14   and I guess we had a pretty good argument a couple of

15   days ago, and from that discussion it seems like it's

16   going to be   --  I would think it would be difficult

17   for me to represent him because we are just not

18   getting along, we're not seeing eye to eye.  And I

19   think Mr.   --  Mr. Owens is in agreement with that,

20   as well, after our discussion.  I said I would file a

21   motion to withdraw and he was very happy with that,

22   and I believe he may benefit from another attorney

23   representing him, maybe another lawyer that can start

24   over again and be able to work out better.

25       So I would ask the Court to have me removed, and

26   I believe Mr. Owens is in agreement, but he can, I

27   guess, answer that question.  Thank you.

3

1    THE COURT:  Mr. Owens, do you wish to be

2    heard?

3        THE PETITIONER:  Yes.  In conjunction with what

4    Attorney DeSantis said, the breakdown in me and his

5    relationship comes from   --   stems from Mr.

6    DeSantis' lack of concern in asking the public

7    defender's office for funding for investigation, to

8    find witnesses in regards to the petition that the

9    federal court sent back to this court.  Minus an

10   investigation  --

11       THE COURT:  Well, correct me if I'm wrong, Mr.

12   DeSantis, the federal court has not remanded

13   anything.

14       MR. DESANTIS:  That's correct.  They dismissed

15   his case because he didn't fully exhaust his claims,

16   state claims.

17       THE RESPONDENT:  They didn't dismiss my case,

18   they sent me back here for further proceedings.  They

19   told me to exhaust it on the state level first and

20   then to bring the issue back.  They put my initial

21   petition, I think, a stay of execution.  I have a

22   copy of it.

23       Well, let me put it to you this way, Mr. Owens,

24   if I allow your counsel to withdraw, this does not

25   put you back to square one.  You're not going to

26   necessarily be able to amend this petition.  There

27   has been a petition filed.  There's been an amended

4

petition, there's been a return, and there's a

pending motion to dismiss.  If I allow Mr. DeSantis

to withdraw, I'm going to order the public defender's

office to appoint a new counsel to represent you.

I will schedule this matter approximately thirty

days out, at which point I will address the issue of

motion to dismiss, which, at first blush, just

looking quickly at the petition and the motion to

dismiss, I'm not too sure why I shouldn't grant it.

MR. DESANTIS:  I think you actually granted that

motion to dismiss in part, Your Honor, when we were

here before.

MS. KLAPP:  You granted it as to Count One,

Judge, the last time I believe we were before the

Court.

THE COURT:  I did grant it as to Count One

because  --  all right.  So now the only issue, then,

is the appellate counsel.

MR. DESANTIS:  That's correct, Judge.

THE COURT:  Okay.  Yeah, okay, I remember now.

I guess I'm still puzzled why Judge Underhill did

what he did.  So far as I can see, Mr. Owens has

exhausted state remedies in conjunction  --  in fact,

didn't I make that express comment on the record?

MR. DESANTIS:  Yes.  And I believe, judge,

Underhill was incorrect, as well, which I tried to

relay to Mr. Owens, is that Judge Underhill was in

5

1  error when he dismissed his federal habeas.

2       THE COURT:  Of course, I can't reverse Judge

3  Underhill.

4       MR. DESANTIS:  Yes.

5       THE COURT:  But I can make it clear  --  and did

6  anybody go back to the federal court and take a

7  transcript of that last hearing?

8       MR. DESANTIS:  No that I know of.  He's pro se

9  in federal court, he's not allowed appointed counsel.

10      THE COURT: Okay.

11      MR. DESANTIS:  I'm not involved in that case.

12  So I don't know if he's ordered a transcript or not.

13      And I'll add, what we  --  it's just doing is

14  withdraws his claims without prejudice, try to go

15  back to federal court and see if that would be

16  successful.  But Mr. Owens did not want to take that

17  route.  So that's one of the reasons we're back here

18  today.

19      THE COURT:  Okay, Mr. Owens, you've had your

20  bite of the apple in habeas already in conjunction

21  with ineffective assistance of counsel.

22      THE PETITIONER:  Right.

23      THE COURT:  You raised the petition, you lost,

24  you lost the appeal. It's over, it's done with in

25  state court.

26      I will be honest with you, I don't understand

27  why Judge Underhill sent it back, saying that you

6

1  hadn't exhausted your administrative remedies

2  here in state court.  But you're representing

3  yourself --

4       THE PETITIONER:  Well, if you don't understand

5  it, and you're a judge, I don't understand it.  I'm

6  not a lawyer.

7       THE COURT:  Mr. Owens, I'm sorry.  I may be

8  wearing the black robe, but there are many many

9  things in this world I don't understand.

10       THE PETITIONER:  Right.

11       THE COURT:  You are representing yourself in

12  that federal habeas petition?

13       THE PETITIONER:  I'm pro se, yes.

14       THE COURT:  All right.  Did you order a

15  transcript from the last proceeding in which you were

16  here?

17       THE PETITIONER:  No, I didn't.

18       THE COURT: Okay.  You need to do that.

19       THE PETITIONER:  So how do I --

20       THE COURT:  I'm going to do it right now.

21       THE PETITIONER:  All right.

22       THE COURT:  I'm going to order a transcript for

23  the last proceeding.  Anybody have the date offhand?

24       MS. KLAPP:  January 20th, Judge.  January 20th,

25  '05

26       THE COURT:  Okay, January 20th, 2005.  I'm going

27  to make a finding that Mr. Owens is indigent, and,

7

1    Madam Court Reporter, whoever signs the paperwork

2    on that, I'll sign it if necessary.

3         All right.  Take that transcript and go back to

4    federal court.  You do not have any state remedy left

5    in connection with your claim of ineffective

6    assistance of counsel.  Understand?

7         THE PETITIONER:  Understood.

8         THE COURT:  And I hope Judge Underhill

9    understands.  It's res judicata, you are done in

10   state court.  Okay?

11        THE PETITIONER:  Well, they stayed one of the

12   issues, the conflict of interest, which was borne out

13   of ineffective assistance in federal court.

14        THE COURT:  Yes, but that's a different  --

15   that's between you and the federal court.

16        THE PETITIONER:  Oh, all right.

17        THE COURT:  But as far as ineffective assistance

18   of counsel, you had your day in court here in the

19   state.  It's over, it's done with.  I don't know how

20   to make it any more clearer.

21        There is, however  --  you have raised an

22   allegation of ineffective assistance of appellate

23   counsel.  That does not appear to have been

24   adjudicated anywhere.

25        Both counsel would agree?

26        MR. DESANTIS:  Yes, Judge.

27        THE COURT:  So that's a viable claim here in

8

1    state court.

2         You're not raising that in the federal court,

3    are you?

4         THE PETITIONER:  Not to my knowledge.

5         MR. DESANTIS:  Your Honor, can I clarify that

6    issue a little bit?

7         THE COURT:  If you would.

8         MR. DESANTIS:  The reason I put in the

9    ineffective assistance of appellate counsel is that

10   Judge Underhill appears to have made two errors in

11   his decision, one that he said that the claim wasn't

12   raised at the habeas hearing; two, that the attorney

13   didn't raise that issue on the appeal.

14        I think Judge Underhill made a mistake on both

15   parts because looking at the Appellate stuff, it does

16   look like his Appellate attorney did put that issue

17   in the appeal.  The appellate decision didn't

18   necessary address that.

19        And I would suggest, if Mr. Owens included in

20   his correspondence to Judge Underhill, the amended

21   petition with the claim in it, as well as his

22   appellate counsel's brief, that would probably

23   clarify the issue.

24        But I felt obligated, since part of what I'm

25   going here is to make sure that  his claims are being

26   fully exhausted, to put that ineffective assistance

27   of appellate counsel claim in.  That's the main

9

1   reason for that claim.

2        I hope I was clear, Your Honor.

3        THE COURT:  And your recommendation, at this

4   point, then,  --  and, Mr. Owens, you and Mr.

5   DeSantis, if either one of you don't wish to answer

6   this question, if you feel that it interferes with

7   attorney-client communication, please signify

8   immediately.  Okay?

9        At this point, Mr. DeSantis, in regard to the

10  federal matter, in which you're not representing Mr.

11  Owens, your considered opinion would be that he might

12  be better off withdrawing this habeas petition and

13  going back to federal court?

14       MR. DESANTIS:  I would think so, Your Honor, I

15  would think so.  But that's  --  that's Mr. Owens'

16  final  --  that's his decision to make.

17       THE COURT:  Mr. Owens, it seems that what you

18  really want to do is you want to be in federal court.

19       THE PETITIONER:  Basically, if you said that

20  I've already exhausted the claim, and the federal

21  judge has made the decision, then I'm fine with that.

22  I just don't want  --

23       THE COURT:  You are done, you are fini, you are

24  terminato.

25       THE PETITIONER:  I don't want to go back to the

26  federal court, and then they send me back here.

27       THE COURT:  In Hawaiian we would say you are pau

10

1    -- p-a-u, Madam Court Reporter.

2        Let me suggest this. I'll let you withdraw your

3    petitioner, which is right now only a petition

4    alleging ineffective assistance by appellate counsel,

5    without prejudice. All right. In other words, your

6    right to re-file that will exist. Okay? Here in

7    state court. So you're not going to lose any rights.

8        You're not going to be able to re-file

9    ineffective assistance of trial counsel because you

10   don't have that right anymore. That's res judicata.

11   That's done, finished. Okay? Because you have

12   raised it, and it's been decided adversely. So

13   you're not going to be withdrawing that, because I've

14   already dismissed it.

15       That will clear this off, finish any state

16   proceeding. Then you can try to get back in federal

17   court.

18       THE PETITIONER: So I -- could you order a

19   transcript from these hearings today?

20       THE COURT: Madam Court Reporter, let's have a

21   transcript for today, as well.

22       All right? That's probably more that I should.

23   I don't know if I'm really authorized to do that, but

24   I'll do it anyway. I don't care.

25       I realize it's difficult to try to represent

26   yourself, particularly in federal court, because it's

27   really an unforgiving environment, even for lawyers.

11

1  Why don't -- if you don't object, why

2  don't you withdraw your petition, the one count

3  that's remaining. You're not -- and I'll make this

4  crystal clear -- not, n-o-t, withdrawing any claim

5  of ineffective assistance of trial defense counsel

6  because the Court has dismissed that count of

7  ineffective assistance by trial defense counsel, the

8  matter having been previously tried and decided

9  adversely to the petitioner.

10  So the petitioner, in no way, is voluntarily

11  withdrawing that. The Court has dismissed it. In

12  other words, you can't quit, you were fired, to put

13  it in the vernacular. You understand me. Right?

14  THE PETITIONER: Right.

15  THE COURT: I think -- I hope that's pretty

16  clear. I hope everybody understands what I'm saying.

17  THE PETITIONER: Well, I'm getting a copy of --

18  THE COURT: Yeah, I'm ordering -- I'm ordering

19  a transcript for you. That -- that should take

20  care of the concerns that the federal court has. I

21  think, I don't know. I mean --

22  All right. Do you want to go ahead and withdraw

23  this matter?

24  MR. DESANTIS: Could I have a second, Your

25  Honor?

26  So, Your Honor, just so -- Mr. Owens sounds

27  like he wants to withdraw without prejudice, but I

12

just want to be clear here.

THE COURT:  I'm going to deny your motion to withdraw as counsel. It appears that you two are back on the same sheet of music again.

MR. DESANTIS:  Okay.

THE COURT:  Mr. Owens, his advice to you was -- I agree with his advice.  I think his advice was correct.  I quite honestly think Judge Underhill is in error.  I, of course, have no authority to reverse Judge Underhill in any way, shape or form, so, you know, don't -- don't take anything I've said as changing what Judge Underhill has done.  I think that it's probable, because there's been a little confusion on his part, or his clerk's part, to be realistic --  I'm hoping that this will clear up that confusion.

MR. DESANTIS:  He wants to withdraw without prejudice, Your Honor, but I guess what he's asking is one more thing -- that just for you to say that the issues have already been addressed, and that's why he should withdraw it.

Is that what you want to say?

THE PETITIONER:  Basically.

MR. DESANTIS:  I mean I know you said --

THE COURT:  Well, with the exception of appellate counsel, that's absolutely correct.  All right.  The issue of appellate counsel has not been

13

1    adjudicated in state court.  So you may not be

2    able to raise that in federal court.  You may have to

3    come back here and raise that  in state court first.

4    But that doesn't seem to me where the focus of your

5    interest is.  Your focus lies in your trial  --

6    trial representation.

7        So insofar as your trial defense counsel  --  I

8    don't know how to make this any clearer --  no state

9    remedy exists anymore.  Okay?  No hay caso  --  caso,

10   I think.  No hay caso, in Spanish.  And that, by the

11   way, exceeds the limit of my language, other than I

12   said  --  I did say in Hawaiian, your are pau, p-a-u.

13   It's over.

14        There's nothing more that I can say.

15        Anybody else want to throw in a different

16   language that I'm not aware of?

17        MR. DESANTIS:  No, Your Honor.

18        THE COURT:  Okay.  In regard to the ineffective

19   assistance of trial defense counsel.  And count two

20   will be withdrawn without prejudice.  You may re-file

21   that in the future, if you feel it necessary to do

22   so.  Okay?

23        I'm not going to grant the motion to withdraw by

24   Mr. DeSantis, because it does seem that the impasse

25   may have been cleared up, that little bit of  --

26        MR. DESANTIS:  I think you're correct, Your

27   Honor.

14

1   THE COURT:  I can understand  --  you know,

2   quite frankly, most of that was probably borne out of

3   frustration, Mr. Owens, and I think I can understand

4   your frustration.  It was probably justified.  Not so

5   much at Mr. DeSantis, but at the whole situation.

6       All right.  The matter is withdrawn.  Good luck.

7   I hope it works out for you.

8       Transcripts are to be ordered, forthwith.

9       MR. DESANTIS:  Thank you very much, Your Honor.

10      (This hearing was concluded.

11                   -  +  -

12

13

14

15

16

17

DOCKET NO. CV03-4187                    :        SUPERIOR COURT

ANDREW OWENS                            :        J.D. OF TOLLAND

V.                                      :        AT TOLLAND

WARDEN                                  :        JANUARY 14, 2005

## MOTION TO AMEND PETITION

Pursuant to Connecticut Practice Book § 23-32 the Petitioner, through his attorney, requests that the court allow him to amend the petition.  The request change is not substantially different then the previous petition filed.  The Petitioner is amending the petition to conform with the Federal Court's decision setting forth that the Petitioner has not fully exhausted his state claims.

WHEREFORE, the Petitioner respectfully requests the court to allow the pro se Petition to be Amended.

THE PETITIONER

BY        _Sebastian O. DeSantis_

Sebastian O. DeSantis
Juris No.15635

NO ORAL ARGUMENT NECESSARY/

NO TESTIMONY REQUIRED

Sabilia & DeSantis, LLC
Attorneys
247 Shaw Street
P.O. Drawer 191
New London, CT 06320
(860) 444-0144
Fax (860) 443-0003
Juris No. 417215

ORDER

The following motion having been duly considered is hereby ordered:

GRANTED / DENIED

Judge / Clerk

Date

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed postage pre-paid to the following parties of record on  January 14, 2005.

Corinne Klatt
State's Attorney's Office
400 Grand Street
Waterbury, CT 06702

Sebastian O. DeSantis
Commissioner of the Superior Court

Sabilia & DeSantis, LLC
Attorneys
247 Shaw Street
P.O. Drawer 191
New London, CT 06320
(860) 444-0144
Fax (860) 443-0003
Juris No. 417215

DOCKET NO. CV03-4187        :      SUPERIOR COURT

ANDREW OWENS            :      J.D. OF TOLLAND

V.                          :      AT TOLLAND

WARDEN                :      JANUARY 14, 2005

## <u>AMENDED PETITION</u>

The Petitioner, through counsel, hereby amends his previous amended petition for writ of habeas corpus as follows:

## <u>COUNT ONE</u>

1.     The Petitioner was the defendant in a criminal case, docket number CR92-0208846, the Judicial District of Waterbury at Waterbury.

2.     On January 20, 1994, the Petitioner was found not guilty of § 53a-54a, murder and guilty of § 53a-55 manslaughter before a jury of twelve and was sentenced to twenty years to serve. (Murray, J).

3.     The petitioner was represented by public defender, Attorney Mike Isko at trial.

4.     The Petitioner filed an appeal in <u>State v. Owen</u>, 38 Conn. App. 801 (1995) which was denied.

5.     The Petitioner is currently in custody of the Respondent.

6.     The Petitioner claims that he was denied his right to the effective assistance of counsel, in violation of the United States Constitution, Amendment VI and the Connecticut

Sabilia & DeSantis, LLC
Attorneys
247 Shaw Street
P.O. Drawer 191
New London, CT 06320
(860) 444-0144
Fax (860) 443-0003
Juris No. 417215

Constitution Article 1, section 8 in that counsel failed to present the testimony of the Petitioner's sister and her landlord which would have established the Petitioner and Mr. Overstreet had no interaction.

7.    The Petitioner's sentence is illegal because the Petitioner was denied his right to effective assistance of counsel.

8.    The Petitioner filed a previous petition for writ of habeas corpus, CV97-0567684, which set forth, inter alia, a claim set forth in this petition.

9.    The Federal Court rejected the Petitioner's federal habeas, 3:01CV1480(SRU), as the Petitioner had not exhausted the claim set forth in this petition.

COUNT TWO:

1-5.    Paragraphs one through five of the first count are hereby incorporated as one through five of the second count.

6.    The Petitioner was represented on appeal by Del Atwell.

7.    The Petitioner claims that he was denied his right to the effective assistance of appellate counsel, in violation of the United States Constitution, Amendment VI and the Connecticut Constitution Article 1, section 8 in that counsel failed to appeal the failure of his trial counsel to present the testimony of the Petitioner's sister and her landlord which would have established the Petitioner and Mr. Overstreet had no interaction.

8.    Said failure also had the consequence of not allowing the petitioner to exhaust his State remedies on the issue and to pursue the claims on a federal habeas.

Sabilia & DeSantis, LLC
Attorneys
247 Shaw Street
P.O. Drawer 191
New London, CT 06320
(860) 444-0144
Fax (860) 443-0003
Juris No. 417215

## PRAYER FOR RELIEF

1.   That the Court vacate the Petitioner's sentence and grant the petitioner a new trial;

2.   That the Court grant such other or further relief as law and equity may require.

THE PETITIONER

BY  *Sebastian O. DeSantis*

Sebastian O. DeSantis
Juris #415635

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed postage pre-paid to the following parties of record on January 14, 2005.

Corinne Klatt
State's Attorney's Office
400 Grand Street
Waterbury, CT 06702

*Sebastian O. DeSantis*

Sebastian O. DeSantis
Commissioner of the Superior Court

Sabilia & DeSantis, LLC
Attorneys
247 Shaw Street
P.O. Drawer 191
New London, CT 06320
(860) 444-0144
Fax (860) 443-0003
Juris No. 417215