UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANDREW OWENS

v.

PRISONER
Case No. 3:01cv1480 (SRU)

COMMISSIONER OF CORRECTIONS, et al.

**RULING ON AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

The petitioner, Andrew Owens, is currently confined at the MacDougall Correctional Institution in Suffield, Connecticut. He brings this action pro se for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his 1994 conviction on the charge of first-degree manslaughter.

I.      Procedural Background

In March 1994, in the Connecticut Superior Court for the Judicial District of Waterbury, a jury convicted Owens of one count of manslaughter in the first degree. The court then sentenced Owens to a total term of imprisonment of twenty years. (See Pet. Writ Habeas Corpus at 1.) On August 22, 1995, the Connecticut Appellate Court affirmed the conviction. See State v. Owens, 38 Conn. App. 802, 663 A.2d 1094 (1995). Owens filed a petition for certification to appeal from the decision of the Connecticut Appellate Court. On September 28, 1995, the Connecticut Supreme Court denied certification to appeal from the decision of the Connecticut Appellate Court. See State v. Owens, 235 Conn. 912, 665 A.2d 609 (1995).

On February 9, 1996, Owens filed a habeas petition in this court. On October 15, 1996, the court denied the petition without prejudice because it contained unexhausted claims and

informed the petitioner that he could re-file his petition after he had exhausted his state court remedies. See Owens v. State of Connecticut, 3:96cv231 (JBA), slip op. at 2-3 (D. Conn. Oct. 15, 1996).[1]  The court entered judgment for the respondent on October 23, 1996.  On January 14, 1997, Owens filed a petition for writ of habeas corpus in state court challenging his conviction on the ground that he was not afforded effective assistance of counsel at trial.  (See Am. Pet. Writ Habeas Corpus at 5.)   On May 3, 1999, the state habeas court dismissed the petition.  See Owens v. Warden, No. CV 970567684, 1999 WL 335949 (Conn. Super. Ct. May 3, 1999).   On January 9, 2001, the Connecticut Appellate Court affirmed the decision of the habeas court.  See Owens v. Commissioner of Correction, 61 Conn. App. 347, 763 A.2d 1086 (2001).  On February 28, 2001, the Connecticut Supreme Court denied the Owens's petition for certification to appeal the decision of the habeas court.  See Owens v. Commissioner of Correction, 255 Conn. 944, 769 A.2d 58 (2001).

On June 9, 1999, Owens commenced a second petition for writ of habeas corpus in this court.  On June 20, 2000, Owens voluntarily withdrew the petition.  See Owens v. Armstrong, Case no. 3:99cv1084 (RNC) (D. Conn. June 20, 2000).  On January 23, 2001, Owens commenced a third petition for writ of habeas corpus in this court.  On February 7, 2001, the court dismissed the petition without prejudice for failure to completely exhaust state court remedies.  See Owens v. Armstrong, Case no. 3:01cv121 (DJS), slip op. (D. Conn. Feb. 7, 2001). Judgment entered for the respondent on February 15, 2001.  In May 2001, Owens attempted to

---

[1] The court takes judicial notice of cases filed in this court and in state court as well as rulings and pleadings filed in those cases.  See Kramer v. Time Warner, Inc., 937 F.2d 767, 774 (2d Cir. 1991) (noting that "courts routinely take judicial notice of documents filed in other courts, again not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.") (citation omitted).

reopen the case on the ground that he had finished exhausting his state court remedies. On May 16, 2001, the court denied the Owens's motion to reopen and directed him to file a new action. See Owens v. Armstrong, Case no. 3:01cv121 (DJS) (D. Conn. May 16, 2001) (ruling denying motion to reopen).

On June 20, 2001, the petitioner filed the present federal habeas petition. In the amended petition filed on April 17, 2002, the petitioner raised two grounds for relief: (1) trial counsel failed to investigate or obtain statements from critical witnesses or call them to testify at trial, and (2) trial counsel failed to withdraw from the case after he found out he had previously represented the victim in another matter. On January 27, 2003, the respondents filed a motion to dismiss the amended petition on statute of limitations and exhaustion grounds.

On September 5, 2003, the court considered the respondents' motion to dismiss and concluded that the petition for writ of habeas corpus was timely filed, but contained both exhausted and unexhausted claims. Pursuant to the Second Circuit's recommendation in Zarvela v. Artuz, 254 F.3d 374 (2d Cir. 2001), the court granted the motion to dismiss ground one of the petition and stayed the petition with respect to ground two of the petition. See Zarvela, 254 F.3d 374 at 380-83 (advising district courts to stay exhausted claims and dismiss unexhausted claims with direction to timely complete the exhaustion process and return to federal court "where an outright dismissal 'could jeopardize the timeliness of a collateral attack.'").

The court directed Owens to commence exhausting his state court remedies with respect to ground one within thirty days of the date of the ruling and to file a notice in this case documenting his efforts to commence the exhaustion process within forty days from the date of the ruling. On October 6, 2003, Owens filed a notice indicating that he had commenced a state habeas petition including ground one. In March and April 2005, the petitioner filed notices

indicating that he had attempted to exhaust his state court remedies as to ground one. (See Doc. # 36, Hearing Transcript, Owens v Warden, CV03-4187 (Conn. Super. Court Mar. 11, 2005). The court lifted the stay of ground two of the petition and directed the petitioner to file an amended petition. Owens filed a second amended petition in August 2006. The respondent filed a response to the second amended petition in January 2007 and Owens filed his reply to the response in March 2007.

II.     Factual Background

On direct appeal, the Connecticut Appellate Court found the following facts.

> There were five identification witnesses: Edward Thomas, Lawrence "Bernard" Saunders, Melissa Minnifield, Kaishawda Minnifield, and Shaneeka Counsel. Each witness saw the defendant confront the victim, Ragar J. Overstreet, at 10 Bronson Street in Waterbury. The witnesses saw the defendant argue with Overstreet for several minutes and then pull out a gun, shoot Overstreet and leave. Each witness had a considerable amount of time to observe the events associated with the shooting of Overstreet, and the attention of each was directly focused on the argument between the defendant and Overstreet prior to the shooting.

Owens, 38 Conn. App. at 803, 663 A.2d at 1096.

III.    Standard of Review

The federal court will entertain a petition for writ of habeas corpus challenging a state court conviction only if the petitioner claims that his custody violates the Constitution or federal laws. See 28 U.S.C. § 2254(a). A claim that a state conviction was obtained in violation of state law is not cognizable in the federal court. See Estelle v. McGuire, 502 U.S. 62, 68 (1991).

The federal court cannot grant a petition for a writ of habeas corpus filed by a person in state custody with regard to any claim that was rejected on the merits by the state court unless the adjudication of the claim in state court either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The federal law defined by the Supreme Court "may be either a generalized standard enunciated in the Court's case law or a bright-line rule designed to effectuate such a standard in a particular context."  Kennaugh v. Miller, 289 F.3d 36, 42 (2d Cir. 2002).  Clearly established federal law is found in holdings, not dicta, of the Supreme Court at the time of the state court decision.  See Williams v. Taylor, 529 U.S. 362, 412 (2000) (taken from the portion of the opinion delivered by Justice O'Connor).

A decision is "contrary to" clearly established federal law where the state court applies a rule different from that set forth by the Supreme Court, or if it decides a case differently than the Supreme Court on essentially the same facts.  See Bell v. Cone, 535 U.S. 685, 694 (2002).  A state court  unreasonably applies Supreme Court law when the court has correctly identified the governing law, but unreasonably applies that law to the facts of the case.  The state court decision must be more than incorrect; it also must be objectively unreasonable.  See Rompilla v. Beard, 545 U.S. 374, 380 (2005).

When reviewing a habeas petition, the federal court presumes that the factual determinations of the state court are correct.  The petitioner has the burden of rebutting that presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  See Boyette v. Lefevre, 246 F.3d 76, 88-89 (2d Cir. 2001) (noting that deference or presumption of correctness is afforded state court findings where state court has adjudicated constitutional claims on the merits).  Because collateral review of a conviction applies a different standard than the direct

5

appeal, an error that may have supported reversal on direct appeal will not necessarily be sufficient to grant a habeas petition.  See Brecht v. Abrahamson, 507 U.S. 619, 634 (1993).

IV.     Discussion

Owens raises two grounds for relief:  (1) trial counsel was ineffective because he failed to investigate or obtain statements from critical witnesses or call them to testify at trial, and (2) trial counsel was ineffective because he failed to withdraw as trial and appellate counsel despite a conflict of interest.  The respondents raise the issue of exhaustion regarding the first ground for relief. Because Owens attempted to exhaust the first ground for relief in his second state habeas petition and the judge assigned to the case refused to consider the fact that the claim had not been fully exhausted and permitted the petitioner to withdraw the claim, the court considers the state court remedy to be unavailable.  (See Reply Mem. Opp'n Am. Pet. Writ Habeas Corpus, Attach. 1 (Owens v Warden, CV03-4187, Hearing Transcript Mar. 11, 2005)).  Accordingly, the court considers the respondents' argument addressed to the merits of the first ground for relief.

    A.     Failure to Call Witnesses at Trial

After a hearing, the Connecticut Superior Court found the following facts were relevant to this claim:

> The petitioner was arrested on a charge of murder in connection with the death of Ragar J. Overstreet on August 26, 1992 at 10 Bronson Street in Waterbury.  The arrest resulted from the identification of the petitioner by five witnesses who saw the petitioner confront the victim at said location, argue with him for several minutes and then pull out a gun and shoot the victim. Within hours of the victim's death, the five witnesses viewed an array of photographs at the police station and each separately selected the photograph of the petitioner as the perpetrator. . . .
>
> Lawrence Bernard Saunders, a nephew of the victim had testified at the criminal trial that he was with his uncle when he was shot by a person whose nickname was Akeem whom he had met during the

6

>previous week at the apartment of Akeem's sister Angela. He identified this person through an array of photographs and at the trial as the petitioner. He testified that he was a friend of Angela for several years and visited her almost daily. Angela was not called as a witness in his criminal trial but McKay argued to the jury that it was not proved that the petitioner was even called Akeem nor ever had a sister nor that there was an interaction with the victim by anyone associated with the petitioner, with the obvious attempt to enhance the claim of misidentification of the petitioner by said witness.

See Owens, 1999 WL 335949, at **1-2 .

Owens contends that trial counsel failed to investigate and obtain statements in writing or on the witness stand from his sister and his sister's landlord regarding the allegedly false testimony of Lawrence Bernard Sanders, one of the eyewitnesses to the murder. Owens claimed that his sister did not live at the apartment where Sanders claimed to have met him prior to the murder of the victim.

An ineffective assistance of counsel claim is reviewed under the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). To prevail, Owens must demonstrate, first, that counsel's conduct fell below an objective standard of reasonableness established by prevailing professional norms and, second, that the deficient performance caused prejudice to him. See id. at 687-88. Counsel is presumed to be competent. Thus, the petitioner bears the burden of demonstrating unconstitutional representation. See United States v. Cronic, 466 U.S. 648, 658 (1984). To satisfy the prejudice prong of the Strickland test, Owens must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different;" the probability must "undermine confidence in the outcome" of the trial. Strickland, 466 U.S. at 694. The court evaluates counsel's conduct at the time the decisions were made, not in hindsight, and affords substantial deference to counsel's decisions.

See Rompilla v. Beard, 545 U.S. 374, 381 (2005). To prevail, Owens must demonstrate both deficient performance and sufficient prejudice. See Strickland, 466 U.S. at 700. Thus, if the court finds one prong of the standard lacking, it need not consider the remaining prong.

The Connecticut Appellate Court correctly applied the Strickland standard when reviewing Owens's claim of ineffective assistance of counsel. As discussed above, Owens may obtain federal habeas relief only if the state court applied law contrary to clearly established federal law or if the state court applied the correct standard in an unreasonable manner to the facts of his case. Because they applied the correct legal standard, the state court decisions cannot meet the "contrary to" prong of section 2254(d)(1). I now turn to whether the Connecticut court applied the Strickland standard reasonably so as to satisfy section 2254(d)(2).

Owens has a right to have counsel perform an adequate investigation. He has no right, however, to have counsel pursue every evidentiary lead regardless whether the lead is likely to reveal evidence beneficial to the defense. Counsel has provided effective assistance if he makes reasonable decisions to investigate or not investigate certain leads. Even an unreasonable decision not to investigate will not rise to the level of ineffective assistance if that decision had no effect on the conviction. See Strickland, 466 U.S. at 691-92.

The habeas court found that Attorneys Isko and McKay were appointed to represent Owens in his criminal case. Prior to trial, Attorney Isko filed a motion to suppress the witness identifications of Owens as the shooter and the trial court held a hearing on the motion. Both Attorneys Isko and McKay participated in the hearing. The habeas court found that Owens had failed to present any evidence to suggest that the trial judge had incorrectly denied the motion to suppress. Although Attorney Isko did not call Owens' sister to testify at trial, Attorney McKay argued to the jury that the State had failed to prove that Owens was known as "Akeem" or had a

8

sister or that any of Owens' associates had any interaction with the victim. Thus, counsel made a concerted attempt to enhance the claim of witness misidentification of Owens as the shooter. In addition, Attorney Isko offered the testimony of an alibi witness. Owens did not call his sister as a witness at the habeas hearing to substantiate what she might have testified to at the criminal trial. The habeas court concluded that in view of trial counsel's decision to present alibi witness testimony and argument concerning witness misidentification of Owens as the shooter, the decision not to call Owens' sister or the sister's landlord to testify at trial was not unreasonable.

The state court judge also addressed the prejudice prong of the Strickland standard. Owens did not call his sister or his sister's landlord to testify at the habeas hearing and presented no other evidence regarding the impact of their testimony on the outcome of the trial. The state court concluded that Owens had not offered proof to demonstrate that there was a reasonable probability that the outcome of the trial would have been different if Owens' sister and her landlord had testified. Thus, Owens failed to demonstrate that he was prejudiced by trial counsel's decision not to call his sister and her landlord as witnesses. After reviewing the record, this court concludes that the state court reasonably applied Supreme Court law in reaching its decision. The amended petition is denied on the ground that trial counsel failed to investigate or call certain witnesses to testify at trial.

  B. Conflict of Interest

Owens contends that Attorney Isko had a conflict of interest because he had represented the victim in another criminal matter. Thus, Owens claims that Attorney Isko deprived him of his constitutional right to conflict-free counsel.

"A defendant's Sixth Amendment right to effective assistance of counsel includes the right to representation by conflict-free counsel." United States v. Schwarz, 283 F.3d 76, 90 (2d

9

Cir. 2002) (citation omitted); accord Wood v. Georgia, 450 U.S. 261, 271 (1981) ("Where a constitutional right to counsel exists, our Sixth Amendment cases hold that there is a correlative right to representation that is free from conflicts of interest."). In Cuyler v. Sullivan, 446 U.S. 335 (1980), the Supreme Court set forth the standard governing an ineffective assistance of counsel claim based on an asserted conflict of interest. An actual conflict of interest is a conflict "that affected counsel's performance – as opposed to a mere theoretical division of loyalties." Mickens v. Taylor, 535 U.S. 162, 171, 122 S. Ct. 1237, 1243 (2002). The mere "possibility of conflict" resulting from multiple representations would be "insufficient to impugn a criminal conviction. In order to demonstrate a violation of his Sixth Amendment rights, a defendant must establish that an *actual* conflict of interest adversely affected his lawyer's performance. . . . [U]ntil a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance." Sullivan, 446 U.S. at 350.

    The Supreme Court has held that prejudice may be presumed where the court requires joint representation over objection. See Holloway v. Arkansas, 435 U.S. 475, 488 (1978). The Court has not, however, extended this presumption to other conflicts of interest. See Mickens, 535 U.S. at 176 (declining to extend the "Sullivan prophylaxis" to a case where an attorney, absent objection, represented three defendants in successive prosecutions for participation in the same crime). The present claim does not involve joint representation. Because the court may consider only law established by the Supreme Court, Owens is not entitled to a presumption of prejudice. See 28 U.S.C. § 2254(d)(1); see also Mask v. McGinnis, 353 F.3d 85, 90 (2d Cir. 2001) (holding that a violation of clearly established Second Circuit precedent does not entitle petitioner to federal habeas relief). Thus, to prevail, Owens must show both the existence of an

actual conflict and that this conflict actually affected trial counsel's performance.

Although the Connecticut Appellate Court cited primarily to state court decisions in its opinion, the court applied the standard set forth above. Because the state court applied the correct legal standard, Owens may obtain federal habeas relief only if the state court decision was an unreasonable application of that standard to the facts of this case.

Owens contends that after he learned that Attorney Isko had represented the victim in a prior criminal matter, he sent a letter to Attorney Isko asking him to withdraw due to a possible conflict of interest. Attorney Isko did not withdraw as Owens' counsel.

After the state habeas hearing, the court found that Attorney Isko had represented the victim for one day in connection with a larceny charge which was unrelated to the charges against Owens, Attorney Isko had no confidential communications with the victim and the victim had since died. The court also found that Attorney Isko exhibited no sympathy for the victim during his cross-examination of the victim's family members and his argument in connection with the motion to suppress the eyewitness identifications of Owens. The court noted that Attorney Isko's co-counsel had participated in Owens' case prior to and during the trial and was present during the jury's deliberation and reading of the verdict. Attorney Isko testified that he did not consider the prior representation of the victim to raise a conflict of interest and had no basis for moving to withdraw as Owens' counsel. The state court held that Owens had not shown that the circumstances surrounding Attorney Isko's representation of the victim created a potential or actual conflict of interest.

If the state court has considered a claim on the merits and the petitioner has not presented clear and convincing evidence to the contrary, the federal court presumes that the state court's factual determinations are correct. See 28 U.S.C. § 2254(e)(1); Boyette v. Lefevre, 246 F.3d 76,

88-89 (2d Cir. 2001). Here, Owens has presented no evidence contradicting the factual findings of the state court. Thus, the court presumes that the state court's factual determinations are correct.

After careful review, the court concludes that the state court decisions that Owens has failed to establish a potential or an actual conflict of interest are a reasonable application of the law to the facts of the case. Because Owens must establish both an actual conflict of interest and resulting prejudice to prevail on this claim, federal habeas relief is denied. The court need not address the prejudice prong of the test.

Conclusion

The amended petition for a writ of habeas corpus [**doc. #43**] is **DENIED**. Because Owens has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. The Clerk is directed to enter judgment and close this case.

**SO ORDERED** this 22nd day of October 2007, at Bridgeport, Connecticut.

        /s/ Stefan R. Underhill
          Stefan R. Underhill
          United States District Judge